UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL L. WALKER,
No. 14254-025

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 24-cv-00175-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to Appoint Counsel (Doc. 2). The Petitioner filed the motion on February 14, 2024. Prisoners are not entitled to representation when seeking post-judgment relief. *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). District judges have discretion appoint counsel for prisoners seeking post-judgment benefits. *See United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020). The Court sees no reason to appoint counsel here. Accordingly, Walker's request for appointment of counsel (Doc. 2) is **DENIED**.

The Petitioner has indicated that he does not have access to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"). Accordingly, the Court **DIRECTS** the Clerk of Court to mail the attached Habeas Rules to Walker.

**IT IS SO ORDERED.**
**DATED:  February 28, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**

# RULES GOVERNING
# SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS

## and

# RULES GOVERNING
# SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS

**Effective Feb. 1, 1977, as amended to Dec. 1, 2019**

# TABLE OF CONTENTS

Page

## RULES (2254 CASES)

Rule 1: Scope ........................................................................................... 1
Rule 2: The Petition ................................................................................ 1
Rule 3: Filing the Petition; Inmate Filing ............................................. 2
Rule 4: Preliminary Review; Serving the Petition and Order ............... 3
Rule 5: The Answer and the Reply ......................................................... 3
Rule 6: Discovery .................................................................................... 4
Rule 7: Expanding the Record ................................................................ 4
Rule 8: Evidentiary Hearing .................................................................. 5
Rule 9: Second or Successive Petitions ................................................. 6
Rule 10: Powers of a Magistrate Judge ................................................. 6
Rule 11: Certificate of Appealability; Time to Appeal ......................... 6
Rule 12: Applicability of the Federal Rules of Civil Procedure ............ 7

## RULES (2255 PROCEEDINGS)

Rule 1: Scope ........................................................................................... 8
Rule 2: The Petition ................................................................................ 8
Rule 3: Filing the Petition; Inmate Filing ............................................. 9
Rule 4: Preliminary Review; Serving the Petition and Order ............. 10
Rule 5: The Answer and the Reply ....................................................... 10
Rule 6: Discovery .................................................................................. 11
Rule 7: Expanding the Record .............................................................. 11
Rule 8: Evidentiary Hearing ................................................................ 12
Rule 9: Second or Successive Petitions ............................................... 12
Rule 10: Powers of a Magistrate Judge ............................................... 13
Rule 11: Certificate of Appealability; Time to Appeal ....................... 13
Rule 12: Applicability of the Federal Rules of Civil Procedure .......... 13

RULES GOVERNING SECTION 2254 CASES AND
SECTION 2255 PROCEEDINGS

## RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS

### Effective Feb. 1, 1977, as amended to Dec. 1, 2019

### Rule 1. Scope

These rules govern a motion filed in a United States district court under 28 U.S.C. § 2255 by:

(a) a person in custody under a judgment of that court who seeks a determination that:

(1) the judgment violates the Constitution or laws of the United States;

(2) the court lacked jurisdiction to enter the judgment;

(3) the sentence exceeded the maximum allowed by law; or

(4) the judgment or sentence is otherwise subject to collateral review; and

(b) a person in custody under a judgment of a state court or another federal court, and subject to future custody under a judgment of the district court, who seeks a determination that:

(1) future custody under a judgment of the district court would violate the Constitution or laws of the United States;

(2) the district court lacked jurisdiction to enter the judgment;

(3) the district court's sentence exceeded the maximum allowed by law; or

(4) the district court's judgment or sentence is otherwise subject to collateral review.

### Rule 2. The Motion

**(a) Applying for Relief.** The application must be in the form of a motion to vacate, set aside, or correct the sentence.

**(b) Form.** The motion must:

(8)

RULES GOVERNING SECTION 2254 CASES AND
SECTION 2255 PROCEEDINGS

(1) specify all the grounds for relief available to the moving party;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

**(c) Standard Form.** The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to moving parties without charge.

**(d) Separate Motions for Separate Judgments.** A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.

**Rule 3. Filing the Motion; Inmate Filing**

**(a) Where to File; Copies.** An original and two copies of the motion must be filed with the clerk.

**(b) Filing and Service.** The clerk must file the motion and enter it on the criminal docket of the case in which the challenged judgment was entered. The clerk must then deliver or serve a copy of the motion on the United States attorney in that district, together with a notice of its filing.

**(c) Time to File.** The time for filing a motion is governed by 28 U.S.C. § 2255 para. 6.

**(d) Inmate Filing.** A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

(9)

RULES GOVERNING SECTION 2254 CASES AND
SECTION 2255 PROCEEDINGS

## Rule 4. Preliminary Review

(a) **Referral to a Judge.** The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

(b) **Initial Consideration by the Judge.** The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## Rule 5. The Answer and the Reply

(a) **When Required.** The respondent is not required to answer the motion unless a judge so orders.

(b) **Contents.** The answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post- conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing.

(c) **Records of Prior Proceedings.** If the answer refers to briefs or transcripts of the prior proceedings that are not available in the court's records, the judge must order the government to furnish them within a reasonable time that will not unduly delay the proceedings.

(10)

RULES GOVERNING SECTION 2254 CASES AND
SECTION 2255 PROCEEDINGS

**(d) Reply.** The moving party may file a reply to the respond-ent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule.

## Rule 6. Discovery

**(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discov-ery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

**(b) Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also in-clude any proposed interrogatories and requests for admission, and must specify any requested documents.

**(c) Deposition Expenses.** If the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition.

## Rule 7. Expanding the Record

**(a) In General.** If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.

**(b) Types of Materials.** The materials that may be required include letters predating the filing of the motion, documents, ex-hibits, and answers under oath to written interrogatories pro-pounded by the judge. Affidavits also may be submitted and con-sidered as part of the record.

**(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an oppor-tunity to admit or deny their correctness.

(11)

RULES GOVERNING SECTION 2254 CASES AND
SECTION 2255 PROCEEDINGS

### Rule 8. Evidentiary Hearing

**(a) Determining Whether to Hold a Hearing.** If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

**(b) Reference to a Magistrate Judge.** A judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. When they are filed, the clerk must promptly serve copies of the proposed findings and recommendations on all parties. Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

**(c) Appointing Counsel; Time of Hearing.** If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

**(d) Producing a Statement.** Federal Rule of Criminal Procedure 26.2(a)—(d) and (f) applies at a hearing under this rule. If a party does not comply with a Rule 26.2(a) order to produce a witness's statement, the court must not consider that witness's testimony.

### Rule 9. Second or Successive Motions

Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals

(12)

RULES GOVERNING SECTION 2254 CASES AND
SECTION 2255 PROCEEDINGS

authorizing the district court to consider the motion, as required
by 28 U.S.C. § 2255, para. 8.

### Rule 10. Powers of a Magistrate Judge

A magistrate judge may perform the duties of a district judge
under these rules, as authorized by 28 U.S.C. § 636.

### Rule 11. Certificate of Appealability; Time to Appeal

**(a) Certificate of Appealability.** The district court must is-
sue or deny a certificate of appealability when it enters a final or-
der adverse to the applicant. Before entering the final order, the
court may direct the parties to submit arguments on whether a cer-
tificate should issue. If the court issues a certificate, the court must
state the specific issue or issues that satisfy the showing required
by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party
may not appeal the denial but may seek a certificate from the court
of appeals under Federal Rule of Appellate Procedure 22. A mo-
tion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure
4(a) governs the time to appeal an order entered under these rules.
A timely notice of appeal must be filed even if the district court
issues a certificate of appealability. These rules do not extend the
time to appeal the original judgment of conviction.

### Rule 12. Applicability of the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure

The Federal Rules of Civil Procedure and the Federal Rules
of Criminal Procedure, to the extent that they are not inconsistent
with any statutory provisions or these rules, may be applied to a
proceeding under these rules.

\* \* \* \* \*

(13)