UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL LEE WALKER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 24-cv-175-JPG

Criminal No 18-cr-40087-JPG

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

This matter comes before the Court on petitioner Randall Lee Walker's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court construes this motion to be a challenge to Walker's initial criminal case, No. 18-cr-40087-JPG.

**I.   Background**

On December 4, 2018, Walker was indicted on two counts, respectively: distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 30, 2020, the Court sentenced him to serve 230 months on Count 1 and 120 months on Count 2 to run concurrently with the sentence imposed in this case.[1]  Walker did not appeal.

In his § 2255 motion, Walker raises a variety of claims including ineffective assistance of counsel in violation of the Sixth Amendment and judicial bias in violation of his Fifth Amendment due process rights. Walker signed his petition and placed it into the prison mail system on January 8, 2024, and the Court received and docketed it on January 23, 2024.

---

[1] At the same sentencing hearing, the Court sentenced Walker in a separate case, Case No. 20-cr-40057-JPG, for 60 months, to run concurrently with the sentence imposed in this case.

Before turning to an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court finds it advisable to address the timeliness of Walker's § 2255 motion.

## II.    Timeliness

The Court believes that Walker raises his claims beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It appears that the applicable trigger for the one-year period for Walker is found in § 2255(f)(1); he has not asserted any governmental impediment to making a motion, any right newly recognized by the Supreme Court, or any newly discovered evidence.

Under § 2255(f)(1), Walker's conviction became final more than a year before he filed his § 2255 motion. Where a petitioner does not appeal his criminal conviction, the judgment of conviction becomes final for § 2255 purposes when the time for appealing his sentence expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013); *see, e.g., Flores-Torres v. United States*, No. 11-cv-1223, 2011 WL 2461336, at *1 (C.D. Ill. June 21, 2011). Federal Rule of

Appellate Procedure 4(b)(1)(A)(i) allowed him 14 days from his sentencing on July 30, 2020, to file a notice appeal.[2] Walker's 14-day period expired on August 13, 2020. Therefore, his period to file a § 2255 motion under § 2255(f)(1) expired one year later, on August 13, 2021. His January 8, 2024, motion was more than two years beyond that deadline.

**III.    Conclusion**

In light of the foregoing, the Court believes Walker's § 2255 motion is barred by the one-year limitations period set forth in § 2255(f). However, because Walker was not required to articulate his statute of limitations arguments in his § 2255 motion, the Court will give him an opportunity to do so now before finally deciding the issue. Accordingly, the Court **ORDERS** Walker to **SHOW CAUSE** on or before March 30, 2024, why the Court should not dismiss his § 2255 motion as untimely under § 2255(f). The Government shall have 14 days to reply to Walker's response. These briefs should only address the statute of limitations arguments.

**IT IS SO ORDERED.**
**DATED:   February 28, 2024**

                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**

---

[2] Federal Rule of Appellate Procedure 4(b)(1)(A)(ii), which begins the 14-day period from the date the Government filed its notice of appeal, did not apply to Walker because the Government did not file a notice of appeal.